UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRUSTEES OF PIPEFITTERS LOCAL 636
DEFINED BENEFIT PENSION FUND, et al.

        Plaintiffs,

                                      Case No. 12-11472

v.                                   Honorable Patrick J. Duggan

CSM MECHANICAL, LLC

        Defendant.
_____/


## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

      Plaintiffs, Trustees of various fringe benefit funds related to the Pipefitters

Local 636 Union ("union"), filed this lawsuit against Defendant CSM Mechanical,

LLC on April 2, 2012.[1]  Plaintiffs bring this action pursuant to the Employee

Retirement Income Security Act of 1974 ("ERISA") to collect unpaid contributions

owed under a collective bargaining agreement between the union and Defendant.

Presently before the Court is Plaintiffs' motion for summary judgment, filed

pursuant to Federal Rule of Civil Procedure 56 on December 2, 2013.  The motion

_____

     [1]Plaintiffs initially also sued Craig Mortz, the principal of CSM Mechanical,
LLC.  (*See* ECF No. 1.)  Plaintiffs subsequently agreed to dismiss Mr. Mortz as a
defendant, however, and a stipulated order dismissing him as a party was entered
June 3, 2013.  (ECF No. 28.)

has been fully briefed and this Court issued a notice dispensing of oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f) on February 10, 2014.

For the reasons that follow, the Court grants Plaintiffs' motion.

## Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is

appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P.

56(a).  The central inquiry is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52, 106 S. Ct. 2505, 2512 (1986).  After adequate time for discovery and

upon motion, Rule 56 mandates summary judgment against a party who fails to

establish the existence of an element essential to that party's case and on which

that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

322, 106 S. Ct. 2548, 2552 (1986).

The movant has the initial burden of showing "the absence of a genuine

issue of material fact."  *Id.* at 323, 106 S. Ct. at 2553.  Once the movant meets this

burden, the "nonmoving party must come forward with specific facts showing that

there is a genuine issue for trial."  *Matsushita Electric Indus. Co. v. Zenith Radio*

2

*Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

### Plaintiffs' Motion and Defendant's Response

In their motion for summary judgment, Plaintiffs indicate that there is no dispute between the parties, following an audit of Defendant, that Defendant owes $3,208.00 in unpaid fringe benefit contributions and $320.80 in liquidated damages. Plaintiffs argue that in addition to the total audit amount of $3,528.80, Defendant is liable to the funds for costs and reasonable attorney's fees from March 6, 2012 through February 12, 2013, totaling $5,127.50. This amount reflects costs of $350.00 for the initial filing fee and attorney's fees for 27.30 hours of work at an hourly rate of $175.00.

Defendant does not dispute that it owes Plaintiffs' funds the amount of the audit. Defendant argues, however, that the parties agreed to a full settlement of Plaintiffs' claims against it for the amount of the audit and thus it is not liable for the costs and attorney's fees now sought. Even if no settlement agreement was reached, Defendant argues that the requested fees are not reasonable in light of

3

Plaintiffs' delay in getting the audit completed, failure to prosecute this action once the audit was completed, and the amount recovered in this action.

## Applicable Law and Analysis

ERISA provides the methods of enforcement for collection of delinquent fringe benefits. 29 U.S.C. § 1132. The statute provides that an award to a plan must include:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of–

    (i)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). The remedies provided under subsection (g)(2) are mandatory. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citing *Mich. Carpenters*

*Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991)).  As such, absent an agreement between the parties providing otherwise, Plaintiffs are entitled to an award that includes their reasonable attorney's fees.

Under Michigan law, "[a]n agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts."  *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 452, 733 N.W.2d 766, 770 (2006) (additional quotation marks and citation omitted).  "Before a contract can be completed, there must be an offer and acceptance."  *Id*.  " 'An acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose.' "  *Id*. at 453-54, 733 N.W.2d at 771 (quoting *Blackburne & Brown Mortg. Co. v. Ziomek*, 264 Mich. App. 615, 626-27, 692 N.W.2d 388 (2004)).

"[A] contract requires mutual assent or a meeting of the minds on all the essential terms."  *Id*. at 453, 733 N.W.2d at 770.  "The primary goal of contract interpretation is to honor the intent of the parties."  *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63, 620 N.W.2d 663 (2000).

In the present matter, Defendant presents no evidence suggesting that an

agreement was reached between the parties to settle this matter. The electronic communications between Plaintiffs' and Defendant's counsel which are attached to Defendant's response brief, reflect discussions to prepare an order of dismissal and release and the exchange of a check. (Def.'s Resp. Ex. B.) No terms are discussed in these e-mails, nor is the amount of the check mentioned. As such, Defendant fails to present evidence to create a genuine issue of material fact concerning whether an agreement was reached to settle this matter for the amount of the audit, only.

Plaintiffs therefore are entitled to their reasonable attorney's fees. Nevertheless, contrary to Plaintiffs' assertion, "[t]he sole arbiter on whether the fees are reasonable is [not] the Funds' Board of Trustees, which paid the invoice." (Pls.' Reply Br. at 4.) Rather, this Court must decide whether the fees sought by Plaintiffs are reasonable. *See Grandview Raceway*, 46 F.3d at 1401-03 (indicating that, although an award of attorney's fees is mandatory under § 1132(g)(2), the district court must determine the proper amount of the award using the 'Lodestar' approach). The Sixth Circuit indicated in *Grandview Raceway*, however, that "there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages." *Id*. at 1401.

Plaintiffs submit an affidavit from their counsel in support of their request

for attorney's fees totaling $4,777.50.  (Pls.' Mot. Ex. F.)  According to Plaintiffs'

counsel, 27.30 hours were expended in pursuit of this matter through February 12,

2013, billed at an hourly rate of $175.00.  (*Id.* ¶ 4.)  Counsel, however, neither

provides an itemization of how these hours were spent nor information about the

attorney(s) who performed the work.  The Court is inclined to conclude that the

rate and hours billed for the work that appears to have been done (filing a

complaint, seeking discovery, taking a deposition) are reasonable.  Nevertheless, it

believes Plaintiffs should submit a itemized statement of the work performed and

the time expended on each task to make an accurate determination of whether the

fees are reasonable.  This statement may include the additional fees incurred after

February 12, 2013, in connection with Plaintiffs' summary judgment motion.

Plaintiffs also should provide the Court some information to determine whether the

hourly rate charged is reasonable.

In summary, the Court **GRANTS** Plaintiffs' motion for summary judgment

and will enter a judgment in favor of Plaintiffs and against Defendant reflecting the

unpaid contributions ($3,208.00), the liquidated damages provided for under the

plan ($320.80), costs ($350.00), and reasonable attorney's fees.  Plaintiffs shall

submit an itemization of the fees requested within fourteen (14) days of this

Opinion and Order.  Defendant may file any opposition to those fees within seven

(7) days of Plaintiffs' submission.

**SO ORDERED**.

Dated: February 11, 2014                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
David J. Selwocki, Esq.
Matthew I. Henzi, Esq.
Clifford J. Devine, Esq.
John W. Henke, III, Esq.