UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF PIPEFITTERS LOCAL 636
DEFINED BENEFIT PENSION FUND, et al.

        Plaintiffs,

                      Case No. 12-11472
v.                      Honorable Patrick J. Duggan

CSM MECHANICAL, LLC

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' PETITION FOR ATTORNEYS' FEES

Plaintiffs filed this lawsuit against Defendants CSM Mechanical, LLC ("CSM") and its principal, Craig Mortz, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") to collect unpaid contributions owed under a collective bargaining agreement between the Pipefitters Local 636 Union and CSM.[1]  Plaintiffs filed a motion for summary judgment on December 2, 2013, which this Court granted in an opinion and order filed February 11, 2014.  (ECF No. 36.)  In their motion, Plaintiffs had requested attorney's fees totaling $4,777.50

---

[1] Plaintiffs subsequently agreed to dismiss Mr. Mortz as a defendant and a stipulated order dismissing him as a party was entered June 3, 2013.  (ECF No. 28.)

1

and costs of $350.00.  While the Court concluded that Plaintiffs were entitled to an award of their reasonable attorney's fees,[1] it found insufficient documentation provided by Plaintiffs to support the request.  (*Id.* at 7.)  The Court therefore directed Plaintiffs to submit an itemization of the fees requested within fourteen days of its decision and allowed CSM to file an opposition to the request thereafter.  Presently before the Court is Plaintiffs' submission and CSM's response.

In their current petition, Plaintiffs amend the amount sought as costs to add $147.20 incurred for the deposition transcript of Mr. Mortz.  According to Plaintiffs, they overlooked this amount in tallying the amount of costs sought in their summary judgment motion.  Plaintiffs also seek a larger attorney's fees award than the amount sought in their summary judgment, as the Court specifically indicated that they could include fees incurred since filing their motion.  (*Id.*)  Now, Plaintiffs request an award of $6,117.50 reflecting 35 hours billed by their attorneys.  They submit an itemization describing how these hours were spent and the attorneys who performed the work. (ECF No. 37-1.)

In response, CSM first argues that Plaintiffs are not entitled to attorney's fees associated with responding to a motion for summary judgment filed by Mr.

---

[1] The Court awarded Plaintiffs the requested costs of $350.00, as this amount reflected the fee to file the action.  (ECF No. 36 at 7.)

2

Mortz.  CSM identifies $1,435.00 in fees related to this work.  (*See* ECF No. 38 at Pg ID 430-31.)  Next, CSM contends that Plaintiffs are not entitled to $1,427.50 in attorney's fees incurred after the February 11, 2013 audit.  (*Id.* at Pd ID 431-32.)  CSM argues– as it did in response to Plaintiffs' summary judgment motion– that the parties agreed to settle this lawsuit for the amount of the audit, only (i.e. $3,528.80).  (*Id.*)  This Court concluded in its decision granting Plaintiffs' summary judgment motion that CSM presented no evidence suggesting that an agreement had been reached by the parties to settle the matter for that amount.  (ECF No. 36 at 5-6.)  CSM attaches to its current response electronic communications between counsel to bolster their argument.  (ECF No. 38 Exs. C-E.)

      CSM did not file a motion seeking reconsideration of the Court's prior decision.  The presentation of additional evidence to demonstrate the alleged settlement– which was available to CSM when it responded to the summary judgment motion– comes too late.  Nevertheless, the Court agrees with CSM that Plaintiffs should not be awarded attorney's fees associated with the motion to dismiss Mr. Mortz.  The Court concludes that those fees are not recoverable under ERISA and were not reasonably incurred.  The Court therefore will reduce the award of attorney's fees sought by Plaintiffs by $1,427.50.

Under ERISA, Plaintiffs are entitled to an award of the costs of the action. 29 U.S.C. § 1132(g)(2)(D). Nevertheless, courts have held that this section empowers judges "to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions." *Agredano v. Mut. of Omaha Companies*, 75 F.3d 541, 543 (9th Cir. 1996) (citing *Holland v. Valhi, Inc.*, 22 F.3d 968, 979-80 (10th Cir. 1994)); *see also Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1145 (S.D. Ohio 1997) (following *Agredano*); *Elec. Energy, Inc. v. Lambert*, 10-2629, 2011 WL 1883986, at *6 n.25 (W.D. Tenn. May 17, 2011). Pursuant to § 1920, the cost of a deposition transcript may be taxed only when "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiffs offer nothing to enable the Court to assess the necessity of Mr. Mortz's deposition transcript. *See, e.g.*, 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.") The Court therefore declines to add the now requested costs to Plaintiffs' award.

For the above reasons, in addition to unpaid contributions and liquidated

damages, the judgment entered in favor of Plaintiffs will include reasonable attorney's fees of $4,690.00 and only those costs awarded in the Court's February 11, 2014 opinion and order.

**SO ORDERED**.

Dated: March 13, 2014                s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
David J. Selwocki, Esq.
Matthew I. Henzi, Esq.
Clifford J. Devine, Esq.
John W. Henke, III, Esq.